

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2005

# USA v. Mitman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Mitman" (2005). *2005 Decisions.* Paper 1313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1845

———————

UNITED STATES OF AMERICA

v.

MARK MITMAN,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 03-cr-00618
District Judge:  The Honorable Robert B. Kugler

———————

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2005

———————

Before: BARRY, AMBRO, and GREENBERG, Circuit Judges

———————

(Opinion Filed: April 26, 2005)

———————

OPINION

———————

BARRY, Circuit Judge

Mark Mitman pled guilty to two counts of receiving and possessing child

pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and § 2252A(a)(5)(B).  During

his plea colloquy, Mitman admitted to clandestinely videotaping his two stepsons, ages 9 and 11, while they were naked in the bathroom of their home. Mitman further admitted to engaging in an email correspondence with an undercover agent, in which he agreed to exchange a copy of the videotape of his stepsons for another videotape of child pornography. Mitman was arrested before he was able to send the videotape of his stepsons to the undercover agent.

At sentencing, the District Court imposed an enhancement pursuant to U.S.S.G. §2G2.2(b)(2)(B).[1] This section, which pertains to "material involving the sexual exploitation of a minor," provides for a 5-point increase in the offense level where the offense involved the "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." At sentencing, Mitman argued that he had no intention of actually sending the videotape of his stepsons to the undercover agent. Instead, he contended that he had merely promised to send his tape in order to induce the undercover agent to send him child pornography. Moreover, Mitman argued that for purposes of applying the enhancement, the term "sexual exploitation of a minor" should be construed as that term is defined in 18 U.S.C. § 2256, which arguably would exclude his conduct.

The District Court rejected Mitman's arguments, and applied the 5-point enhancement, which resulted in a Guidelines range of 46-57 months imprisonment. The Court imposed a sentence of 51 months.

---

[1]The District Court applied the 2002 edition of the Sentencing Guidelines manual.

On appeal, Mitman does not challenge any aspect of his conviction, challenging only the enhancement that was imposed and arguing that he is entitled to resentencing in light of <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005). Having determined that issues with respect to <u>Booker</u> are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in light of that opinion. The judgment of conviction will be affirmed.